**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arturo Leon, | No. CV-18-02122-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Peterbilt Motors Company, et al., | |
| Defendants. | |

In 2017, Plaintiff Arturo Leon purchased a truck from a business in Tennessee. Defendants Peterbilt Motors Company ("Peterbilt") and Cummins, Inc. ("Cummins"), were involved in the manufacture of that truck and its component parts. Peterbilt and Cummins both provided Plaintiff with written warranties regarding the truck's performance. Not long after buying the truck, Plaintiff experienced a variety of problems that could not be repaired to his satisfaction. In 2018, Plaintiff filed the present suit in Maricopa County Superior Court against Peterbilt and Cummins. Plaintiff asserted claims for "breach of factory warranty" and "breach of Magnuson-Moss Warranty Act." (Doc. 1-3 at 15-16). Peterbilt filed a motion to dismiss based on lack of personal jurisdiction as well as a motion to dismiss for failure to state a claim on which relief can be granted. Cummins joined the latter motion but did not join the jurisdictional motion. Because "jurisdictional questions ordinarily must precede merits determinations in dispositional order," the Court will address the matter of personal jurisdiction first. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

Plaintiff "bear[s] the burden of demonstrating that [personal] jurisdiction is appropriate." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). When, as here, the Court does not hold an evidentiary hearing, Plaintiff need only make "a prima facie showing of jurisdictional facts" establishing personal jurisdiction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). That showing requires the Court accept Plaintiff's version of events where there are disputes. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). But the Court can rely on evidence provided by Peterbilt if Plaintiff does not controvert it. *Id.*

Here, Peterbilt has offered a variety of facts regarding the manufacture, distribution, and purchase of the relevant truck. Plaintiff has not controverted any of those facts. Accordingly, the following is based on Peterbilt's representations regarding the relevant facts.

Peterbilt is "an unincorporated division of PACCAR Inc." (Doc. 9-1 at 2). Accordingly, the proper defendant is PACCAR, not Peterbilt. PACCAR and its various divisions are in the business of designing, manufacturing, and assembling "a variety of vehicles that serve a wide range of commercial applications in the United States." (Doc. 9-1 at 2). PACCAR is incorporated in Delaware but its "corporate affairs" are managed from its office in Bellevue, Washington. PACCAR "performs design and marketing functions in Denton, Texas." (Doc. 9-1 at 2). PACCAR has no offices, plants, or facilities in Arizona. Thus, PACCAR does not design or manufacture vehicles in Arizona.

In March 2016 at its facilities in Texas, PACCAR manufactured and assembled a "glider kit." As defined by PACCAR, "[a] glider kit is an incomplete vehicle without an engine or transmission and in some instances, a rear axle." (Doc. 9 at 2). After it was assembled, that glider kit was sold to "Peterbilt of Atlanta, an independent dealer located in Kennesaw, Georgia." (Doc. 9-1 at 3). The glider kit was subsequently sold to Fitzgerald Truck and Part Sales, LLC ("Fitzgerald Truck") in Byrdstown, Tennessee. Fitzgerald Truck "is a wholly separate entity unrelated to PACCAR." Fitzgerald Truck "performed the final stage of manufacturing" by adding the necessary components to the glider kit to

create a truck. Fitzgerald Truck then sold the completed truck to Plaintiff in June 2017.[1] (Doc. 1-3 at 9). At some point during the assembly process, an engine manufactured by Defendant Cummins, Inc., was incorporated into the truck.

Shortly after he purchased the truck, Plaintiff experienced a wide variety of problems with it. Plaintiff took the truck to various service providers for repairs under the written warranties provided by PACCAR and Cummins. Some of the problems were minor, such as a rattling door. (Doc. 1-3 at 19). Other problems were much more substantial, such as the speedometer malfunctioning. (Doc. 1-3 at 14). The service providers repaired what they could but Plaintiff was not satisfied. In May 2018, Plaintiff filed the present suit against PACCAR and Cummins in Maricopa County Superior Court. Cummins removed the suit to federal court based on diversity jurisdiction. (Doc. 1 at 3).

Shortly after removal, PACCAR filed a motion to dismiss arguing personal jurisdiction does not exist. Plaintiff responded by arguing PACCAR "has expressly consented to personal jurisdiction in Arizona" and PACCAR has sufficient minimum contacts with Arizona. (Doc. 15 at 3). Put in terms of the two types of personal jurisdiction courts have recognized, these arguments are that PACCAR has consented to "general personal jurisdiction" in Arizona and that PACCAR has sufficient contacts with Arizona such that "specific personal jurisdiction" exists. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). Plaintiff has not, however, pointed to sufficient facts establishing either type of jurisdiction.

**A. General Jurisdiction**

Usually, general personal jurisdiction requires a defendant's "contacts with the forum state [be] so 'continuous and systematic' as to render the defendant essentially 'at home' in that forum." *Id.* at 602 n.2 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). For a corporation, those contacts usually exist only in the state where the

---

[1] The documents reflect "Arturo Leon" as the "Customer" on the "Sales Order" but the "Warranty Transfer Agreement" indicates the "Purchaser" was "Out the West Transport LLC." According to PACCAR, Out the West is owned by Plaintiff. For present purposes, it does not matter whether Plaintiff or Out the West was the actual purchaser. Going forward, however, Plaintiff must confirm he is the correct party to assert breach of warranty claims against Cummins.

corporation is incorporated and where it has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). General personal jurisdiction for a corporation, however, can also exist if it has affirmatively consented to being sued in a particular forum. *See, e.g.*, *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 573 (9th Cir. 2011) (discussing general personal jurisdiction through consent). Plaintiff argues PACCAR has consented to general personal jurisdiction in Arizona by appointing and registering an agent for service of process in Arizona.

Plaintiff has not cited the specific statutes under which PACCAR appointed and registered an agent for service of process but it appears PACCAR did so pursuant to Arizona's statutes regarding foreign corporations who wish to "transact business" in the state. A.R.S. § 10-1501(A). Under those statutes, a foreign corporation wishing to "transact business" in Arizona must be granted authority to do so by the Arizona Corporation Commission. A corporation obtains such permission by submitting an application containing information such as its date of incorporation and the address of its principal office. A.R.S. § 10-1503(A). The Corporation Commission then reviews the application and, if complete, the corporation "is granted authority to transact business in [Arizona]." A.R.S. § 10-1503(C). Under these statutes, each corporation "authorized to transact business" in Arizona must maintain a statutory agent. A.R.S. § 10-1507. And pursuant to A.R.S. § 10-1510, a foreign corporation authorized to transact business in Arizona may be served by serving the corporation's statutory agent.

The statue regarding service on a statutory agent provides, in relevant part:

> The statutory agent appointed by a foreign corporation is an agent of the foreign corporation on whom process, notice or demand that is required or permitted by law to be served on the foreign corporation may be served and that, when so served, is lawful personal service on the foreign corporation.

Ariz. Rev. Stat. Ann. § 10-1510. Plaintiff seems to believe this language should be interpreted as PACCAR having consented to general personal jurisdiction in Arizona.

Determining whether PACCAR's registration as a foreign corporation rendered it subject to general personal jurisdiction requires "look[ing] to state statutes and case law."

*King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 576 (9th Cir. 2011). The appropriate inquiry, therefore, is what Arizona law, as interpreted by Arizona courts, provides regarding the act of registering as a foreign corporation.

In 2017, the Arizona Court of Appeals concluded a foreign corporation registering pursuant to A.R.S. § 10-1501 *et seq.*, did not create general personal jurisdiction over that corporation. *Wal-Mart Stores, Inc. v. LeMaire*, 395 P.3d 1116, 1119 (Ariz. Ct. App. 2017). That court reasoned a foreign corporation's registration did not qualify as either "express consent" or "implied consent" to general personal jurisdiction. *Id.* Registration could not be deemed "express consent" because the statutory language contained no indication the "legislature intended to endow Arizona courts with the ability to hear all cases . . . against all registered foreign corporations." *Id.* And registration could not be deemed "implied consent" because the statutory language "give[s] no notice that" registering will result in the corporation being subject to general personal jurisdiction.[2] *Id.* In support of this latter point, the court noted "[t]he concept of consent implied from registration statutes originated in response to *Pennoyer v. Neff* . . . in which the Supreme Court held that state courts' jurisdiction was based on physical presence in the forum." *Id.* But "the modern doctrine of specific jurisdiction" has largely abandoned the approach of *Pennoyer v. Neff* such that consent implied from registration statutes should also be abandoned.[3] *Id.* at 1120.

Because the Arizona Court of Appeals has ruled registration under § 10-1501 *et seq.* is insufficient to confer general personal jurisdiction, this Court must follow that decision unless Plaintiff can point to "convincing evidence that the state supreme court would decide [the issue] differently." *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007). Plaintiff has not pointed to any such evidence. Thus, the Court will follow the Arizona Court of Appeals and conclude PACCAR's registration under § 10-1501 *et. seq.*, did not

---

[2] It is not clear why the court believe implied consent would only exist if the statutory language expressly provided that result. If the statutory language were clear, there would be no need to imply a specific intent.

[3] The Arizona Court of Appeals reached the opposite conclusion regarding the impact of a different registration statute for insurers. *Bohreer v. Erie Insurance Exchange*, 165 P.3d 186 (Ariz. Ct. App. 2007). As it is undisputed PACCAR did not register under the statute applicable to insurers, the *Bohreer* decision is irrelevant.

confer general personal jurisdiction.

## B. Specific Jurisdiction

As an alternative to general personal jurisdiction, Plaintiff also argues specific personal jurisdiction exists. To establish specific personal jurisdiction, Plaintiff must make at least a preliminary showing of two facts:

(1) PACCAR purposefully directed its activities or consummated some transaction with Arizona or an Arizona resident; or PACCAR performed some act by which it purposefully availed itself of the privilege of conducting activities in Arizona; and

(2) Plaintiff's claims arose out of or related to PACCAR's Arizona-related activities. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If Plaintiff makes a preliminary showing of these two facts, the burden shifts to PACCAR to show "the exercise of jurisdiction would not be reasonable." *Id.*

Plaintiff does not point to *any* evidence of Arizona-based activities conducted by PACCAR. Instead, Plaintiff merely argues PACCAR is a large company with substantial business activities in Arizona. Presumably Plaintiff believes PACCAR's size and activities are sufficient, on their own, to establish the first requirement that PACCAR purposefully directed its activities at Arizona. But without specifics, Plaintiff has not satisfied his burden of establishing Arizona-related activity. Moreover, even assuming Plaintiff's vague statements were sufficient, he has not established his claims arise out of PACCAR's Arizona-based activities.

If Plaintiff had pointed to Arizona-related activities by PACCAR, he would also need to make a preliminary showing that his particular claims arose out of those Arizona-related activities. The Ninth Circuit applies a "'but for' test to determine whether a particular claim arises out of forum-related activities." *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Application of that test request Plaintiff make a preliminary showing that "but for" PACCAR's contacts with Arizona, his claims would not have arisen. *Id.* In other words, Plaintiff must point to a "direct nexus" between PACCAR's Arizona-related activities and his claims. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013). Here, Plaintiff has not pointed to any connection between PACCAR's

Arizona-related activities and his claims. PACCAR's contacts with Arizona, whatever they may be, seem to have no connection with the claims at issue in this suit. Specific personal jurisdiction does not exist. The motion to dismiss for lack of personal jurisdiction will be granted.

Finally, PACCAR also filed a motion to dismiss for failure to state a claim on which relief can be granted. Cummins joined that motion. Plaintiff did not respond. Pursuant to Local Rule 7.2(i), Plaintiff's failure to respond will be deemed as consenting to the granting of the motion.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 9) and Motion to Dismiss (Doc. 10) are **GRANTED**. No later than **March 1, 2019**, Plaintiff shall file an amended complaint. The Clerk of Court is directed to enter a judgment of dismissal with prejudice in the event no amended complaint is filed by that date.

Dated this 21st day of February, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge